FRANZBLAU DRATCH
A Professional Corporation
354 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-3700
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAUL DAVILA, Individually, | DOCKET NO. |
| Plaintiff, | |
| vs. | CIVIL ACTION |
| MARYANN WEBER; THOMAS CINQUE; JERRY CALABRESE; JOHN DOES I THROUGH 20 (fictitious names); NEWARK POLICE DEPARTMENT AND THE CITY OF NEWARK, | COMPLAINT AND JURY DEMAND |
| Defendants. | |

Raul Davila, having a residence at 359 Highland Avenue, Newark, New Jersey 07104, by and through his attorneys, Franzblau Dratch, P.C., in complaining against defendants Maryann Weber, Thomas Cinque, Jerry Calabrese, John Does I through 20, Newark Police Department and The City of Newark, says:

### JURISDICTION OF VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 and jurisdiction of this Court is invoked under 28 U.S.C. §§1331 and 1334. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide issues arising under State law.

2.   The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3.   Venue is placed in this District because it is where the events complained of occurred, and the defendants are believed to be domiciled in this District.

## PARTIES

4.   Plaintiff Raul Davila is a citizen of the United States and has a residence in Newark, New Jersey.

5.   Defendants Maryann Weber (hereinafter referred to as "Weber"), Thomas Cinque (hereinafter referred to as "Cinque"), and Jerry Calabrese (hereinafter referred to as "Calabrese") were at all times relevant to the allegations of this Complaint, employed by the defendant City of Newark as police officers with the Newark Police Department.  They are sued individually and in their official capacities.

6.   Defendants John Does I through 20, fictitious names, upon information and belief, are individuals who either participated in the events set forth in this Complaint, or failed to supervise and/or train defendants Weber and Cinque adequately.  Each is being sued individually and in his or her official capacity.

7.   Defendant Newark Police Department is being sued for the negligent supervision and/or training of the individual defendants and such John Does who are subsequently identified

2

as being involved in the events complained of in the Complaint.

8.   The defendant City of Newark is being sued for the negligent supervision and/or training of the individual defendants, and such John Does who were employed by its police department and who are subsequently identified as being involved in the events complained of in the Complaint.   Upon information and belief, at all times relevant to the allegations of this Complaint, and in all actions by the individual defendants and such John Does I through 20 who are subsequently identified as being involved in the events complained of in the Complaint, said defendants were acting under color of law.

**COUNT I**

1.   Plaintiff repeats each and every allegation set forth in paragraphs 1 through 8 as if same were set forth at length herein.

2.   Plaintiff and Cinque have known each other for years. As a result of plaintiff dating Cinque's cousin, Cinque has been hostile towards plaintiff; there have been numerous incidents where Cinque has harassed plaintiff, or has caused others to harass plaintiff.

3.   On or about March 29, 2005 at approximately 1:00 p.m., plaintiff telephoned the Internal Affairs Bureau ("IAB") within the Newark Police Department to file a complaint against Cinque

3

and the Newark Police Department.  Plaintiff asserted that
Cinque was again harassing him.

4.  Although the telephone conversation was initially with
Weber, Weber, upon information and belief, turned the call over
to Calabrese, a Sergeant with the Newark Police Department.
This conversation was recorded pursuant to the rules and
regulations of the IAB.

5.  As a result of that telephone call, Weber caused a
criminal complaint to be issued against plaintiff.  The
complaint charged plaintiff with a violation of N.J.S.A. 2C:12-
3; the complaint alleged that plaintiff committed a terroristic
threat upon a police officer, that is, Cinque, during the
aforementioned telephone conversation.

6.  After learning of the issued complaint, plaintiff
voluntarily surrendered himself on or about March 29, 2005 to
the Newark Police Department.  He was in custody for three
days; he was released on bail on March 31, 2005.

7.  On or about June 27, 2005, a Grand Jury sitting in
Essex County, New Jersey, returned an indictment charging
plaintiff with the third degree crime of terroristic threats in
violation of N.J.S.A. 2C:12-3a.   The only witness who
testified in the Grand Jury was Cinque.  Pursuant to the
discovery provided by the State, Cinque testified that he was
directed by a superior officer to go to the offices of the IAB.

4

At that time he listened to the tape recording of plaintiff's conversation with Weber.  He said he was able to identify plaintiff's voice, and that plaintiff threatened to kill him during the conversation.  The tape recording was not played to the grand jurors.

8.   During a court proceeding relating to the indicted charge, plaintiff's criminal defense counsel requested a copy of the audio tape containing the telephone conversation in issue.

9.   In a subsequent Case Management Conference, the Assistant Prosecutor who was responsible for the matter advised the Court that the IAB would not turn over the tape to his office absent a court order.

10.  On September 15, 2005, the Honorable Michael L. Ravin, J.S.C., to whom the matter was assigned, signed an Order submitted by defense counsel, ordering the Newark Police Department, including its Internal Affairs Bureau, to turn over any and all tape recordings between plaintiff and members of that department to the Court for an in-camera inspection.  (See Exhibit A annexed hereto.)

11.  The Office of the Essex County Prosecutor was either provided with a copy of the tape or access to the tape.

12.  As a result of that office reviewing the recording, the Office of the Essex County Prosecutor moved to dismiss the

5

indictment in its entirety. An Order to that effect was entered by the Honorable Michael L. Ravin on October 28, 2005. (See Exhibit B annexed hereto.) Attached to the Order was a two page recommendation for the dismissal of the indictment; contrary to the statement in that document that the Court "allowed both the State [i.e., the Office of the Essex County Prosecutor] and Defense [sic] to review" the tape recording, plaintiff's criminal defense attorney was not afforded the opportunity to review the recording.

13. The acts of the individual defendants, as described above, and such John Does who are subsequently identified as being involved in the events complained of in the Complaint, were performed with malice and premeditation under color of state law with willful and wanton disregard of plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States and in contravention of the letter and spirit of 42 U.S.C. §1983. As a result of these acts, plaintiff Raul Davila has suffered permanent personal injuries, both physical and mental, including, but not limited to, humiliation, damage to his reputation, psychological trauma, monetary loss, deprivation of liberty, and loss of ability to fully function as a member of his family and community.

WHEREFORE, plaintiff requests the following relief against

6

the individual defendants:

     (a) compensatory damages;

     (b) punitive damages;

     (c) reasonable attorneys fees and costs pursuant to 42 U.S.C. §1988; and

     (d) such other relief as the court deems reasonable and just.

## COUNT II

1.  Plaintiff repeats each and every allegation set forth in paragraphs 1 through 8 and Count I as if same were set forth at length herein.

2.  As a direct and proximate result of the unlawful arrest and detention of plaintiff and the deprivation of his personal liberty and freedom by the individual defendants and such John Does who are subsequently identified as being involving in the events complained of in the complaint, plaintiff has suffered injury to his good name and reputation.

3.  As a further direct and proximate result of the conduct by the individual defendants and such John Does who are subsequently identified as being involved in the events complained of in the Complaint, plaintiff Raul Davila suffered permanent physical injuries to his body, including mental suffering and humiliation.

     WHEREFORE, plaintiff Raul Davila requests the following

relief against the individual defendants:

    (a) compensatory damages;

    (b) punitive damages;

    (c) attorneys' fees and costs; and

    (d) such other relief as the court deems reasonable and just.

## COUNT III

1.  Plaintiff repeats each and every allegation set forth in paragraphs 1 through 8 and Counts I and II, as if same were set forth at length herein.

2.  Defendants Weber, Cinque and Calabrese, and such John Does who are subsequently identified as being involved in the events complained of in this Complaint, at all relevant times, were employed by the City of Newark as police officers with the Newark Police Department.

3.  At the time and places described above, the said defendants were engaged in or about and acting within the general scope of their authority and in or about the business and purpose of the defendant, the City of Newark.

4.  It was and is the duty of the defendant, the City of Newark, to engage competent and efficient personnel as officers within the Newark Police Department, and to properly and adequately supervise and train the personnel so employed.

5.  Upon information and belief, the defendant City of

8

Newark failed to adequately supervise and/or train defendants Weber, Cinque and Calabrese, and such John Does who are subsequently identified as being involved in the events complained of in this Complaint.

6.   As a result, plaintiff Raul Davila sustained permanent personal injuries, including mental suffering and humiliation.

7.   The injuries and damages suffered by Raul Davila were caused solely by reason of the negligence, want of care, omission of duty, malfeasance or misfeasance on the part of the City of Newark.

WHEREFORE, plaintiff Raul Davila demands judgment against the defendant the City of Newark as follows:

(a) compensatory damages;

(b) punitive damages;

(c) interest;

(d) costs of suit;

(e) attorneys' fees; and

(f) such other and further relief as the court deems reasonable and just.

### COUNT IV

1.   Plaintiff repeats each and every allegation set forth in paragraphs 1 through 8 and Counts I, II and III, as if same were set forth at length herein.

2.   In the event that the Newark Police Department is a

9

separate and distinct entity from the defendant City of Newark, plaintiff has been damaged by it.  As a result, the following allegations are asserted.

3.   Defendants Weber, Cinque and Calabrese and such John Does who are subsequently identified as being involved in the events complained of in this Complaint, at all relevant times, were employed by the Newark Police Department.

4.   At the times and place described above, the said defendants were engaged in and about and acting within the general scope of their authority and in or about the business and purpose of the defendant, the Newark Police Department.

5.   It was and is the duty of defendant Newark Police Department to engage competent and efficient personnel, and to properly and adequately supervise and train the personnel so employed.

6.   Upon information and belief, the Newark Police Department failed to adequately supervise and/or train defendants Weber, Cinque and Calabrese and such John Does who are subsequently identified as being involved in the events complained of in this Complaint.

7.   As a result, plaintiff Raul Davila sustained permanent personal injuries, including mental suffering and humiliation.

8.   The injuries and damages suffered by Raul Davila were caused solely by reason of the negligence, want of care,

omission of duty, malfeasance or misfeasance on the part of the Newark Police Department.

WHEREFORE, plaintiff Raul Davila demands judgment against the defendant Newark Police Department as follows:

(a) compensatory damages;

(b) punitive damages;

(c) interest;

(d) costs of suit;

(e) attorneys' fees; and

(f) such other and further relief as the court deems reasonable and just.

**COUNT V**

1. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 8 and Counts I, II, III and IV, as if same were set forth at length herein.

2. Defendants' actions towards plaintiff were extreme, outrageous and clearly unwarranted.

3. These actions were done to plaintiff intentionally and were intended to either produce emotional distress or done recklessly in deliberate disregard of the probability that plaintiff would suffer emotional distress.

4. As a direct result, plaintiff sustained severe and permanent emotional distress as well as other serious and permanent personal injuries.

11

WHEREFORE, plaintiff Raul Davila demands judgment against the defendants Weber, Cinque, Calabrese, John Does I through 20, Newark Police Department, City of Newark as follows:

(a) compensatory damages;

(b) punitive damages;

(c) interest;

(d) costs of suit;

(e) attorneys' fees; and

(f) such other and further relief as the court deems reasonable and just.

## COUNT VI

1. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 8 and Counts I, II, III, IV and V, as if same were set forth at length herein.

2. Defendants negligently and in disregard of plaintiff's physical and emotional well being, caused plaintiff to suffer significant fear/or a reasonable fear of personal injury.

3. As a direct result, plaintiff sustained severe and permanent emotional distress as well as other serious and permanent personal injuries.

WHEREFORE, plaintiff Raul Davila demands judgment against the defendants Weber, Cinque, Calabrese, John Does I through 20, Newark Police Department, and the City of Newark as follows:

12

(a) compensatory damages;

(b) punitive damages;

(c) interest;

(d) costs of suit;

(e) attorneys' fees; and

(f) such other and further relief as the court deems reasonable and just.

## COUNT VII

1. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 8 and Counts I, II, III, IV, V and VI, as if same were set forth at length herein.

2. Defendants intentionally and wrongfully confined plaintiff for a significant period of time without legal justification and without deference to the information provided by him to his captors.

3. As a direct result, plaintiff sustained severe and permanent emotional distress as well as other serious and permanent personal injuries.

WHEREFORE, plaintiff Raul Davila demands judgment against the defendants Weber, Cinque, Calabrese, John Does I through 20, Newark Police Department, and the City of Newark as follows:

(a) compensatory damages;

(b) punitive damages;

13

(c) interest;

(d) costs of suit;

(e) attorneys' fees; and

(f) such other and further relief as the court deems reasonable and just.

## COUNT VIII

1.  Plaintiff repeats each and every allegation set forth in paragraphs 1 through 8 and Counts I, II, III, IV, V, VI and VII, as if same were set forth at length herein.

2.  Defendants Weber, Cinque, Calabrese, John Does I through 20, fictitious names and the other similarly employees had an ethical, contractual, employment related and/or relational duty to render proper and/or adequate aid and assistance to plaintiff while he was wrongfully abducted, confined, humiliated, slandered and abused.

3.  Defendants Weber, Cinque, Calabrese, John Does I through 20, fictitious names, and the other similarly employed employees negligently failed to exercise any care whatsoever to protect the plaintiff from injuries he sustained as a direct result of the actions taken by the defendants.

4.  As a direct result, plaintiff sustained severe and permanent emotional distress as well as other serious and permanent personal injuries.

WHEREFORE, plaintiff Raul Davila demands judgment against

14

the defendants Weber, Cinque, Calabrese, and John Does I
through 20, fictitious names, Newark Police Department, and the
City of Newark as follows:

    (a) compensatory damages;

    (b) punitive damages;

    (c) interest;

    (d) costs of suit;

    (e) attorneys' fees; and

    (f) such other and further relief as the court deems
reasonable and just.

**COUNT IX**

    1.  Plaintiff repeats each and every allegation set forth
in paragraphs 1 through 8 and Counts I, II, III, IV, V, VI, VII
and VIII, as if same were set forth at length herein.

    2.  Defendants Weber, Cinque, Calabrese and John Does I
through 20 wrongfully and without good faith executed and/or
enforced applicable laws when they wrongfully abducted,
detained, slandered, abused and humiliated Raul Davila causing
him to then sustain severe and permanent emotional distress as
well as other serious and permanent personal injuries.

    3.  Defendant employees are vicariously liable for the
wrongful acts of their employees due to the fact that such acts
were done within their employees' scope of employment.

    WHEREFORE, plaintiff Raul Davila demands judgment against

15

the defendants Weber, Cinque, Calabrese, John Does I through 20, fictitious names, Newark Police Department, and the City of Newark as follows:

(a) compensatory damages;

(b) punitive damages;

(c) interest;

(d) costs of suit;

(e) attorneys' fees; and

(f) such other and further relief as the court deems reasonable and just.

**COUNT X**

1.  Plaintiff repeats each and every allegation set forth in paragraphs 1 through 8 and Counts I, II, III, IV, V, VI, VII VIII and IX, as if same were set forth at length herein.

2.  Defendants Weber and Cinque, and in particular, Cinque accused plaintiff of the crime of terroristic threats.

3.  All of these statements were untrue, and damaged plaintiff.  The statements have held plaintiff up to public scorn and ridicule.

4.  The statements were made by defendants Weber and Cinque, on behalf of defendant Newark Police Department, maliciously and with knowledge of their falsity, or with serious doubts as to their truth.

5.  As a direct and proximate result of the slander and

16

libel committed by defendants Weber, Cinque, the City of Newark and the Newark Police Department, plaintiff has sustained special damages in the amount of lost wages, the exact of which is not known, but will be established at time of trial.

6. Further, as a direct and proximate result of the slander committed by said defendants, plaintiff has suffered extreme humiliation and embarrassment for which general damages are recoverable, the exact amount of which is not known but will be proven with specificity at time of trial. Further, as a direct and proximate result of the slander committed by the said defendants, plaintiff was unjustly incarcerated.

WHEREFORE, plaintiff requests judgment against defendants for special and general damages, punitive damages, for costs of suit, and for such other and further relief as the court deems just.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues.

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

I hereby certify that to the best of my knowledge, this matter was not the subject of any other action pending in any court or of any pending arbitration or administration proceeding.

FRANZBLAU DRATCH, P.C.

BY: /S/ JULIAN WILSEY
     JULIAN WILSEY (JW5085)

DATED: March 20, 2007

17

**EXHIBIT A**

FRANZBLAU DRATCH, P.C.
A Professional Corporation
354 Eisenhower Parkway
Livingston, New Jersey 07039
(973) 992-3700
Attorneys for Defendant Raul Davila

|  |  |
|---|---|
| STATE OF NEW JERSEY | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: ESSEX COUNTY |
| vs. | : |
|  | : INDICTMENT NO. |
| RAUL DAVILA | : 05-07-01661-I |
| DEFENDANT | : ORDER |

This matter coming before the Court on September 2, 2005 as a Status Conference, and the Court having been advised by the Office of the Essex County Prosecutor (Assistant Prosecutor Allan P. Nawrocki, appearing) in the presence of Franzblau Dratch, P.C. (Julian Wilsey, Esq., appearing) as attorneys for the above captioned defendant, that the Internal Affairs Bureau within the Newark Police Department had advised the Office of the Essex County Prosecutor that it would only turn over the tape recording(s) between officers assigned to that Bureau and the defendant to the Court for an in-camera inspection, and the Court having considered the oral submissions of counsel; and for the reasons expressed by the Court on the record on September 2, 2005; and for good cause shown,

IT IS on this 15 day of *September* , 2005

ORDERED THAT:

1.  The Newark Police Department, including its Internal

Affairs Bureau, be and is hereby required to turn over to the Court copies of any and all tape recordings between its assigned personnel and the defendant in connection with the above captioned matter to the Chambers of the Honorable Michael L. Ravin, J.S.C., Essex County Courts Building, Chambers 1116, 50 West Market Street, Newark, New Jersey 07102 within seven (7) days from the date of this Order for the purposes of in-camera inspection.

2.   A copy of this Order shall be served upon all other counsel within three (3) days of its receipt by counsel for the defendant.

MICHAEL L. RAVIN, J.S.C.

**EXHIBIT B**

| State of New Jersey | | New Jersey Superior Court Law Division – Criminal Essex County |
|---|---|---|
| v. | RECEIVED | ☐ JUDGMENT OF CONVICTION |

**Defendant:** (Specify Complete Name) **RAUL DAVILA**

| DATE OF BIRTH 10/03/74 | SBI NUMBER 746583C | ☐ CHANGE OF JUDGMENT |
| | 2005 OCT 31 P 12:5 | ☐ ORDER FOR COMMITMENT |
| DATE OF ARREST 03/30/05 | DATE INDICTMENT/ ACCUSATION FILED 07/07/05 | ☒ INDICTMENT DISMISSED |
| | CRIMINAL RECORDS | ☐ JUDGMENT OF ACQUITTAL |
| DATE OF ORIGINAL PLEA 08/01/05 | ORIGINAL PLEA ☒ Not Guilty    ☐ Guilty | |

**ADJUDICATION BY**

| ☐ GUILTY PLEA   DATE: | ☐ NON-JURY TRIAL   DATE: |
| ☐ JURY TRIAL   DATE: | ☒ DISMISSED   DATE: 10/28/05 |

**ORIGINAL CHARGES**

| IND / ACC NO | COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 05-07-01661-I | 1 | TERRORISTIC THREATS (VIA TELEPHONE) | 3rd | 2C: 12-3(a) |

**FINAL CHARGES**

| COUNT | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|
| 1 | TERRORISTIC THREATS (VIA TELEPHONE) | 3rd | 2C: 12-3(a) |

It is, therefore, on <u>10/28/05</u> **ORDERED** and **ADJUDGED** that the defendant is sentenced as follows:

> INDICTMENT NO. 05-07-01661-I & COUNT 1: is thereof, DISMISSED in it's entirety on motion of Prosecutor.

☐ The defendant is hereby sentenced to community supervision for life.
☐ The defendant is hereby ordered to serve a _____ year term of parole supervision which term shall begin as soon as defendant completes the sentence of incarceration.
☐ The court finds that the defendant's conduct was characterized by a pattern of repetitive and compulsive behavior.
☐ The court finds that the defendant is amenable to sex offender treatment.
☐ The court finds that the defendant is willing to participate in sex offender treatment.
☐ The defendant is hereby ordered to provide a DNA sample and ordered to pay the costs for testing of the sample provided.

☐ It is further ORDERED that the sheriff deliver the defendant to the appropriate correctional authority.

| | TOTAL NUMBER OF DAYS | DATE: (From/To) |
|---|---|---|
| ☐ Defendant is to receive credit for time spent in custody (R. 3:21-8). | | DATE: (From/To) |
| ☐ Defendant is to receive gap time credit for time spent in custody (N.J.S.A. 2C:44-5b(2)) | TOTAL NUMBER OF DAYS | DATE: (From/To) |
| | | DATE: (From/To) |

| Total Custodial Term NONE | Institution NONE | Total Probation Term NONE |

| JAIL | P.D. ✓ | PMS. ✓ |
| PROB. | A.O.C. | D.C. |
| PAROLE | P.S.L. | OTHER |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:  CHIEF PROBATION OFFICER STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CP0106a (rev 08/20/02)
Page 1 of 2

State of New Jersey v.   **RAUL DAVILA**      S.B.I.# **746583C**      Ind / Acc #   **05-07-01661-I**

| Total Fine $ |
| --- |
| **Total RESTITUTION** $ |

If the offense occurred on or after December 23, 1991, an assessment of $50 is imposed on each count on which the defendant was convicted unless the box below indicates a higher assessment pursuant to N.J.S.A. 2C:43-3.1. (Assessment is $30 if offense is on or after January 9, 1986 but before December 23, 1991, unless a higher penalty is noted. Assessment is $25 if offense is before January 9, 1986.)

☐ Assessment imposed on

count(s) _____

is $_____ each.

**Total VCCB Assessment $_____**

Installment payments are due at the rate of

$_____ per _____

beginning _____

(Date)

---

If any of the offenses occurred on or after July 9, 1987, and is for a violation of Chapter 35 or 36 of Title 2C,

1) A mandatory Drug Enforcement and Demand Reduction (D.E.D.R.) penalty is imposed for each count. (Write in # times for each.)

| | | | |
| --- | --- | --- | --- |
| _____ | 1st Degree @ $3000 | _____ | 4th Degree @ $750 |
| _____ | 2nd Degree @ $2000 | _____ | Disorderly Persons or Petty |
| _____ | 3rd Degree @ $1000 | _____ | Disorderly Persons @ $500 |

**Total D.E.D.R. Penalty $_____**

☐ Court further Orders that collection of the D.E.D.R. penalty be suspended upon defendant's entry into a residential drug program for the term of the program.

2) A forensic laboratory fee of $50 per offense is ORDERED _____ Offenses @ $50.

**Total Lab Fee $_____**

3) Name of Drugs involved _____

4) A mandatory driver's license suspension of _____ months is ORDERED.

The suspension shall begin today, _____ and end _____.

Driver's License Number _____

(IF THE COURT IS UNABLE TO COLLECT THE LICENSE, PLEASE ALSO COMPLETE THE FOLLOWING.)

Defendant's Address _____

Eye Color _____      Sex _____      Date of Birth  **10/03/74**

☐ The defendant is the holder of an out-of-state driver's license from the following jurisdiction _____. Driver's License Number _____

☐ Defendant's non-resident driving privileges are hereby revoked for _____ months.

---

If the offense occurred on or after February 1, 1993 but was before March 13, 1995 and the sentence is to probation or to a state correctional facility, a transaction fee of up to $1.00 is ordered for each occasion when a payment or installment payment is made  (P.L. 1992, c. 169)  If the offense occurred on or after March 13, 1995 and the sentence is to probation, or the sentence otherwise requires payments of financial obligations to the probation division, a transaction fee of up to $2.00 is ordered for each occasion when a payment is made.  (P.L. 1995, c. 9).

If the offense occurred on or after August 2, 1993, a $75 Safe Neighborhood Services Fund assessment is ordered for each conviction (P.L. 1993, c. 220)

If the offense occurred on or after January 5, 1994 and the sentence is to probation, a fee of up to $25 per month for the probationary term is ordered. (P.L. 1993, c. 275)  Amount per month $_____.

If the crime occurred on or after January 9, 1997, a $30 Law Enforcement Officers Training and Equipment Fund penalty is ordered.

If the crime occurred on or after May 4, 2001, and the defendant has been convicted of aggravated sexual assault, aggravated criminal sexual contact, kidnapping under 2C:13-1c(2), endanger the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of a minor under 2C:24-4a, endangering the welfare of a child pursuant to 2C:24-4b(4), luring or enticing a child pursuant to 2C:13-6, criminal sexual contact pursuant to 2C:14-3b if the victim is a minor, kidnapping pursuant to 2C:13-1, criminal restraint pursuant to 2C:13-2 or false imprisonment pursuant to 2C:13-3 if the victim is a minor and the offender is not the parent, promoting child prostitution pursuant to 2C:34-1b(3) or (4), or an attempt to commit any of these crimes, a $800 Statewide Sexual Assault Nurse Examiner Program Penalty is ordered for each of these offenses.

| Name (Court Clerk or Person preparing this form)<br>N. BERRIOS, JD. SCY. 1 | Telephone Number<br>[973] 693-6729 | Name (Attorney for Defendant at Sentencing)<br>JULIAN WILSEY, ESQ. |
| --- | --- | --- |

**STATEMENT OF REASONS – Include all applicable aggravating and mitigating factors**

AGGRAVATING FACTORS:

N/A

MITIGATING FACTORS:

N/A

| Judge (Name)<br>HON. MICHAEL L. RAVIN, J.S.C. | Judge (Signature) | Date<br>10/28/05 |
| --- | --- | --- |

Administrative Office of the Courts
State Bureau of Identification
COPIES TO:   CHIEF PROBATION OFFICER STATE POLICE    AOC CRIMINAL PRACTICE DIVISION    DEPT OF CORRECTIONS OR COUNTY PENAL INSTITUTION

CP0106a (rev. 08/20/02)
Page 2 of 2

# DISMISSAL

| | |
|---|---|
| STATE OF NEW JERSEY, | **SUPERIOR COURT OF NEW JERSEY** |
| | **ESSEX COUNTY – LAW DIVISION** |
| **PLAINTIFF,** | **INDICTMENT NO.: 05-07-01661** |
| -vs- | |
| | **CRIMINAL** |
| Raul Davila, | |
| | **DATE:  10/27/05** |
| **DEFENDANT.** | |

| | | |
|---|---|---|
| Date of Birth: | 10/03/1974 | **PROSECUTOR'S RECOMMENDATION FOR** |
| S.B.I. #: | 746583C | **DISMISSAL OF INDICTMENT/ACCUSATION** |
| Date of Arrest: | 3/30/05 | Prosecutor's No.:  05003553 |
| Date Ind./Acc. Filed: | 7/7/05 | Defense Counsel:  Julian Wilsey, Esq. |
| CC #: | 30969-05 | Asst. Prosecutor:  Allan P. Nawrocki |
| | | **PAULA T. DOW** |
| | | **ESSEX COUNTY PROSECUTOR** |

ORIGINAL  CHARGES: *(IF DEFENDANT HAS A PREVIOUS RECORD, ATTACH COPY HERE)*

| IND./ACC. NO. | CT. | DESCRIPTION | DEGREE | STATUTE |
|---|---|---|---|---|
| 05-07-01661 | 1 | Terroristic Threat (via telephone) | 3rd | 2C:12-3(a) |

**COUNTY PROSECUTOR:**
**ESSEX COUNTY, NEW JERSEY**

DEAR MADAM:

After a thorough and complete investigation of the facts in this case, I respectfully recommend that the charge(s) made against this defendant be dismissed for the following reasons:

On March 29, 2005, the defendant, Raul Davila, placed a phone call with the Newark Police Department Internal Affairs Bureau.  The purpose of the defendant's call concerned Sergeant Thomas Cinque.  Specifically, the defendant stated that Sgt. Cinque continually harassed him because the defendant was involved in a relationship with Sgt. Cinque's relative.  During that conversation, Detective Maryann Weber heard the defendant say that he would, "Buy a gun and kill Sergeant Cinque."  This threat was not made directly to Sergeant Cinque.

A cassette recording was made of the defendant's phone call to Internal Affairs and provided to the Honorable Michael L. Ravin, J.S.C. for an *in camera* review.  Judge Ravin ruled that the cassette was discoverable and allowed both the State and Defense to review same.  After reviewing the recording, the State found that the elements of the crime charged could not be satisfied.  It is on this basis that the State respectfully recommends this matter be dismissed.

Additionally, it should be noted that the defendant has two arrests, including this offense. The defendant has no prior convictions of any kind.

Respectfully submitted,

_Allan P. Nawrocki_
Allan P. Nawrocki
ASSISTANT PROSECUTOR

**APPROVED BY:**

Michael V. White   10/27/05
Michael V. White
**Supervisor**

Carolyn E. Wright
Deputy Chief Assistant Prosecutor

Keith C. Harvest   10/27/05
Keith C. Harvest
**Chief Assistant Prosecutor**

---

**DISMISSAL ON MOTION OF THE PROSECUTOR, GRANTED BY:**

(JUDGE'S SIGNATURE) _Michael C. Ravin_

(JUDGE'S NAME PRINTED)_____ J.S.C.

DATE: _October 28, 2005_

---

Revised 6/30/05